# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

YEVETTE WILSHIRE, individually
and in her capacity as administratrix of
the Estate of JEREMY RINEHART,
Deceased,

        Plaintiff,

v.

                                    CIVIL ACTION NO.: 3:13-cv-15201

BRIAN S. LOVE, M.D.; OAK HILL
HOSPITAL CORPORATION d/b/a
PLATEAU MEDICAL CENTER, INC.,
CITY OF OAK HILL; OAK HILL
POLICE DEPARTMENT; MICHAEL
WHISMAN, JR., in his individual and
official capacities as the Chief of the Oak
Hill Police Department; and, RANDALL
SHANNON PRINCE, in his individual
and official capacities as a supervisor in
the Oak Hill Police Department,

        Defendants,

v.

BRIAN S. LOVE, M.D.

        Defendant and
        Third-Party Plaintiff,

v.

CITY OF OAK HILL, the OAK HILL
POLICE DEPARTMENT; MICHAEL
WHISMAN, JR., in his individual and
official capacities as the Chief of the Oak
Hill Police Department; and, RANDALL
SHANNON PRINCE, in his individual
and official capacities as a supervisor in
the Oak Hill Police Department,

        Third-Party Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF THE THIRD-PARTY DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

NOW COME the Defendants/Third-Party Defendants, the City of Oak Hill, the Oak Hill

Police Department, Michael Whisman Jr., in his individual and official capacities as Chief of the



DEFENDANT'S
EXHIBIT

Oak Hill Police Department, and Randall Shannon Prince, in his individual and official capacities as a supervisor in the Oak Hill Police Department (hereinafter collectively referred to as "Third-Party Defendants"), by and through their counsel, Chip E. Williams, Daniel J. Burns, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and hereby submit the following Memorandum of Law in Support of the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6):

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about October 18, 2011, the Plaintiff, Yevette Wilshire, individually and in her capacity as Administratrix of the Estate of Jeremy Rinehart, instituted a civil action by filing a Complaint in the Circuit Court of Putnam County, West Virginia, designated Civil Action No. 11-C-295. Said Complaint sought damages for medical negligence and wrongful death pursuant to West Virginia Code Section 55-7-6 against Defendant Dr. Brian S. Love, MD and Defendant Oak Hill Hospital Corporation d/b/a Plateau Medical Center, Inc. *See* Plaintiff's Complaint, attached hereto as Exhibit A.

Specifically, the Complaint filed by the Plaintiff was based upon an incident occurring at Plateau Medical Center on August 22, 2009. Plaintiff's decedent, Jeremy Rinehart, was taken to Plateau Medical Center after informing members of the Oak Hill Police Department that he had ingested cocaine. *See* Exhibit A, pg. 2. The Complaint alleges that Mr. Rinehart, once at Plateau Medical Center, was evaluated and treated by Defendant Love and other medical providers employed by Defendant Plateau Medical Center. *Id.* The Defendants discharged Mr. Rinehart from Plateau into the custody of the Oak Hill Police Department although, as the Plaintiff contends, he remained at risk of death or serious bodily injury. *Id.* Shortly after his discharge, the decedent allegedly suffered pain and lost consciousness before being transported to Raleigh General Hospital. *Id.* On August 26, 2009, the decedent died allegedly as a direct and proximate result of his discharge from Plateau Medical Center and the negligence of Defendant Love and other medical providers employed by Defendant Plateau Medical Center. *Id.*

2

The Plaintiff filed two causes of action. The first cause of action was for Mr. Rinehart's claim for damaged prior to death. Plaintiff alleged that Defendant Love and Defendant Plateau Medical Center failed to exercise the degree of care, skill, and learning required or expected or a reasonable, prudent health care provider in the same or similar circumstances. The second cause of action is for wrongful death pursuant to West Virginia Code Section 55-7-6. Plaintiff sought damages for damages including, but not limited to, past medical and other health care expenses, pain, suffering, emotion distress and all remedies available under West Virginia Code Section 55-7-6. *Id.* at pg. 3-4.

On or about May 21, 2013, Defendant Brian S. Love, M.D. filed a Motion to File a Third-Party Complaint against the Oak Hill Police Department with the Circuit Court of Putnam County, West Virginia. *See* Defendant's, Brian S. Love, M.D., Motion to File a Third-Party Complaint, attached hereto as Exhibit B. On May 30, 2013, Defendant Love's Motion to File a Third-Party-Complaint was heard by the Honorable Judge Stowers. Despite the Oak Hill Police Department's objections that the Motion was not timely filed, Judge Stowers granted Defendant Love's Motion to File a Third-Party Complaint. Following the hearing on the Motion, Plaintiff requested time to assert claims against the Oak Hill Police Department, which was also granted by Judge Stowers. *See* Order, attached hereto as Exhibit C.

On or about June 13, 2013, the Oak Hill Police Department was served with Defendant Love's Third-Party Complaint. *See* Third-Party Complaint, attached hereto as Exhibit D. In his Third-Party Complaint, Defendant Love seeks contribution and/or indemnification due to the following claims against the Oak Hill Police Department: Failure to Train and Supervise; Use of Unreasonable and Excessive Force in Violation of the Fourteenth Amendment, 42 U.S.C. 1983; Reckless, Willful, and Wanton Misconduct and Civil Assault and Battery by R. Shannon Prince; Deliberate Indifference; Policies and Procedures of Third-Party Defendants demonstrate a Deliberate Indifference to the Rights of Jeremy Rinehart in violation of the Fourteenth

3

Amendment, 42 U.S.C. 1983; Civil Conspiracy and Deprivation of Constitutional Rights; and, Contribution and Implied Indemnification. *Id.*

On or about June 14, 2013, Plaintiff filed her Plaintiff's Complaint against Third-Party Defendants. *See* Plaintiff's Complaint against Third-Party Defendants. In her Complaint, Plaintiff stated that, if the Third-Party Defendants caused or contributed to the death of Jeremy Rinehart, then "the said Third Party Defendants are liable to the plaintiff for their share of damages. Therefore, plaintiff asserts her claim against the Third Party Defendants . . ." *Id.* at pg. 2-3. Plaintiff also asserts that she "files this claim against Third Party Defendants as an alternative theory of liability." *Id.* at pg. 3. Further, Plaintiff went as far as to "incorporate by reference the allegations set forth in Dr. Love's Third Party Complaint." *Id.*

On or about June 21, 2013, the Third-Party Defendants filed a Notice of Removal to Federal Court. *See* Notice of Removal, attached hereto as Exhibit F. The Third-Party Defendants contend that, by filing her Complaint, Plaintiff has asserted direct claims against the Oak Hill Police Department for the violation of the Fourteenth Amendment, 42 U.S.C. § 1983, and the various other rights afforded to the Plaintiff's decedent, Jeremy Rinehart, by the United States Constitution and various other Federal Laws. As such, the United States District Court for the Southern District of West Virginia has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391. *Id.*

On or about June 26, 2013, this Court entered an Order and Notice, pursuant to Local Rules of Civil Procedure 16.1, setting forth various dates and deadline for motions and filings with this Court. (ECF Doc. No. 3). On or about July 1, 2013, the Third-Party Defendants filed their Answer to Defendant Love's Third-Party Complaint. On or about July 26, 2013, the Third-Party Defendants filed their Answer to the Plaintiff's Complaint against Third-Party Defendants. *See* Answer to Plaintiff's Complaint against Third-Party Defendants, attached hereto as Exhibit E.

4

## II.   STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must be construed in the light most favorably to the plaintiff [and] its allegations taken as true." Cromer v. Lounsbury Chiropractor Office, 866 F. Supp. 960, 962 (S.D. W. Va. 1994). "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Id. at 962. However, dismissal is justified when the complaint's allegations clearly show that the plaintiff does not have a claim. Id. at 962; See also, Estate Constr. Co. V. Miller & Smith Holding Co., Inc., 14 F.3d 213, 217-18 (4th Cir. 1994). Although the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to Plaintiff, "'[t]he court need not. . . accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.'" Collins v. Red Roof Inns, Inc., 248 F.Supp.2d 512, 515-516 (S.D.W.Va. 2003) (Quotation omitted) (Emphasis added). Although "detailed factual allegations" are not required in the complaint, it is a requirement that the complaint contain "more than labels or conclusions" a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (Quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id at 1940 (Quotation omitted) (Emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. at 1940 (Quotation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'" Id. at 1940 (Quotation

omitted). "'[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.'" Id. at 1940 (Quotation omitted). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. at 1940. "[W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the

pleader is entitled to relief.'" Id. at 1940 (Quotation omitted).

## III.   LEGAL ARGUMENT

      a.   **The Plaintiff's Complaint against the Third-Party Defendants and the Third-Party Complaint both fail to meet the general requirements for pleadings established in Rule 8 of the Federal Rules of Civil Procedure; Therefore, the Complaints must be dismissed.**

      As recently explained by the Supreme Court as well as the Southern District of West

Virginia,

> [t]hreadbare recitals of the elements of a cause of action, supported by mere
> conclusory statements, do not suffice to plead a claim. *Iqbal,* 129 S.Ct. at 1949.
> And this court is "not bound to accept as true a legal conclusion couched as a
> factual allegation." *Id.* at 1949-1950 (internal quotation marks omitted). Put
> simply, the plaintiffs' allegations "do not permit [this court] to infer more than the
> mere possibility of misconduct." *Id.* at 1950.

Bess v. Kanawha County Bd. of Educ., 2009 WL 3062974, *7 (S.D.W.Va. 2009). Further,

although "Rule 8 marks a notable and generous departure from the hyper-technical, code-

pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed

with nothing more than conclusions. Second, only a complaint that states a plausible claim for

relief survives a motion to dismiss." *Id., citing* Twombly, 550 U.S. at 556.

      In the instant matter before this Court, the Defendant/Third-Party Plaintiff Dr. Love does

not even provide "threadbare recitals of the elements of a cause of action" in his Third-Party

Complaint. Rather, the Third-Party Complaint simply reiterates conclusory statements in regard

to each count without the support of factual allegations that would give rise to claims of

unlawfulness or misconduct on behalf of the Third-Party Defendants. Despite having deposed the Chief and all the named and unnamed officers of the Oak Hill Police Department involved, at length, the Defendant/Third-Party Plaintiff points to no single factual allegation in support of the their claims against the Third-Party Defendants. They rely merely solely on legal conclusions that the actions of the officers were unlawful and in violation of State and Federal law, which is insufficient to plead a claim under the Federal Rules of Civil Procedure.

Moreover, with regard to Defendant/Third-Party Plaintiff's state law claims for civil battery with regards to the actions of Randall Shannon Prince, the West Virginia Supreme Court of Appeals holds "that in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff." Zirkle v. Elkins Road Pub. Serv. Dist., 655 S.E.2d 155, 158 (W. Va. 2007), citing Hutchison v. City of Huntington, 479 S.E.2d 649, 660 (W. Va. 1996). The Defendant/Third-Party Plaintiff against states nothing more than mere threadbare assertions that the actions of Officer Prince were unlawful. For these reasons, the Third-Party Complaint fails to state a claim upon which relief could by granted by this court and the Third-Party Defendants request that this Court dismiss the Third-Party Complaint.

Furthermore, the Plaintiff's Complaint against Third-Party Defendants also fails to comply with the above-cited standards. In fact, the Plaintiff states that they made a conscious decision to *not* alleged claims against the now-listed Third-Party Defendants and continues to contend that the actions of Defendants Love and Plateau Medical Center are the direct and proximate cause of the decedent's death. The Plaintiff then specifically incorporates the allegations set forth in the Third-Party Complaint in setting forth her claims against the Third-Party Defendants. Again, despite voluminous deposition testimony, the Plaintiff fails to identify a single fact or even an allegation, which seen in the light most favorable to her, which would meet the strict pleading requirements of the Federal Rules of Civil Procedure. For these reasons, the Plaintiff's Complaint against the Third-Party Defendants fails to state a claim upon which

7

relief could by granted by this court and the Third-Party Defendants request that this Court dismiss the Plaintiff's Complaint against them.

### b. The Defendants are entitled to qualified immunity, which bars any claims filed against them

Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is an immunity from suit rather than a mere defense to liability; and like an absolute, it is effectively lost if the case is erroneously permitted to go to trial. Id. As a result, the Court has repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991)(per curium).

### i. The named officers and the officers listed in the Complaints filed in this case are entitled to qualified immunity

Under the doctrine of qualified immunity, government officials are not subject to liability for civil damages for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). In Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), the Supreme Court of the United States established a rigid two-step sequence for determining a defendant's entitlement to qualified immunity. First, "a court must decide whether the facts that a plaintiff has alleged (see Fed. R. Civ. P. 12 (b)(6), (c)) or shown (see Fed. R. Civ. P. 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." Pearson v. Callahan, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009) (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (internal citations omitted)). Without modifying the elements of

the qualified immunity analysis, the Supreme Court recently held that courts no longer need to adhere to the rigid sequence of the analysis established in <u>Saucier</u>, but may instead determine which prong should be addressed first based upon the facts of the case before it. *See* <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815-16, 818, 172 L. Ed. 2d 565 (2009).

Similarly, in <u>Goines v. James</u>, 189 W.Va. 634, 433 S.E.2d 572 (1993), the Supreme Court of Appeals of West Virginia, relying on <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), opined that police officers are entitled to assert a qualified or "good faith" immunity defense from individual liability for conduct arising during the performance of official duties insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Notably, in <u>Hutchison v. City of Huntington</u>, 198 W.Va. 139, 479 S.E.2d 649 (1996), the court acknowledged the need for early resolution of immunity rulings:  "We agree with the United States Supreme Court to the extent it has encouraged, if not mandated, that claims of immunities, where ripe for disposition, should be summarily decided before trial." <u>Id</u>. at 147, 479 S.E.2d at 657.  Moreover, "immunities under West Virginia law are more than a defense to a suit in that they grant governmental bodies and public officials the right not to be subject to the burden of trial at all. The very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." <u>Id</u>. at 148, 479 S.E.2d at 658 citing <u>Swint v. Chambers County Commission</u>, 514 U.S. 35, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995).

In the case at bar, the officers of the Oak Hill Police Department is entitled to qualified immunity because they restrained the decedent in performance of their official duties as a police officers.  In Syllabus Point 8 of <u>Parkulo v. West Virginia Board of Probation and Parole</u>, 199 W.Va. 161, 483 S.E.2d 507 (1996) [citations omitted], the court stated:

> A public executive official who is acting within the scope of his authority and is not covered by the provisions of W.Va. Code, §29-

9

12A-1, et seq., is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known. There is no immunity for an executive official whose acts are fraudulent, malicious or otherwise oppressive.

Moreover, the court in State v. Chase Securities, Inc., 188 W.Va. 356, 361, 424 S.E.2d 591, 596 (1992) noted that "the purpose of such official immunity is not to protect an erring official, but to insulate the decision making process from the harassment of prospective litigation. The provision of immunity rests on the view that the threat of liability will make federal officials unduly timid in carrying out their official duties, and that effective government will be promoted if officials are freed of the costs of vexatious and often frivolous damages suits." [Citations omitted].

In Clark v. Dunn, 195 W.Va. 272, 466 S.E.2d 374 (1995), a DNR officer was questioning two illegal hunting suspects. When one of the individuals did not put his gun down, the officer drew his weapon and tried to remove the gun from the suspect. While removing the gun it discharged injuring the other suspect in the leg. The court stated that "it is clear that as a public official, Dunn, is entitled to qualified immunity for his actions in performing discretionary acts" and "negligence simply is not sufficient for liability to be imposed under this standard or doctrine." The court further stated, as in the instant case, "Officer Dunn was engaged in the performance of discretionary judgments and actions within the course of his duties. In performing those discretionary duties, Officer Dunn should not be faced with the choice of either inaction or dereliction of duty or 'being mulcted in damages' for doing his duty." Id. at 278, 465 S.E.2d at 380.

This duty was well articulated in Syllabus Point 4 of Clark where the court stated:

If a public officer is either authorized or required, in the exercise of his judgment and discretion, to make a decision and to perform acts in the making of that decision, and the decision and acts are within the scope of his duty, authority, and jurisdiction, he is not liable for negligence or other error in the making of that decision,

10

at the suit of a private individual claiming to have been damaged thereby.

In the case at bar, there officers of the Oak Hill Police Department were acting in a discretionary capacity within the scope of their duty at all times relevant to Plaintiff's Complaint and the Third-Party Complaint. The decedent's repeated unwillingness to cooperate, after having been cautioned and some lawful force applied, obstructed the officers' ability to carry out their duties. Therefore, in the exercise of his judgment and discretion, it was appropriate for the officers to construe the decedent's behavior to constitute an obstruction and hindrance to his duties within the "contours of the offense" stated at W. Va. Code § 61-5-17(a). It was likewise appropriate for the officers to exercise their judgment and discretion to conclude that the decedent was being uncooperative, despite the use of lawful force, and to apply additional lawful force in an attempt to protect their safety and the safety of the general public. A reasonable officer under the same circumstances would have concluded likewise. Therefore, the officers of the Oak Hill Police Department are entitled to qualified immunity.

### ii. The Oak Hill Police Department is entitled to qualified immunity due to the qualified immunity of the individual officers

An individual officer's entitlement to qualified immunity generally extends to the agency that employs that officer:

> In cases arising under *W.Va. Code § 29-12-5*, and in the absence of express provisions of the insurance contract to the contrary, the immunity of the State is coterminous with the qualified immunity of a public executive official whose acts or omissions give rise to the case. However, on occasion, the State will be entitled to immunity when the official is not entitled to the same immunity; in others, the official will be entitled to immunity when the State is not. The existence of the State's immunity of the State [sic] must be determined on a case-by-case basis.

Syl. pt. 6 of Pruitt v. West Virginia Dept. of Public Safety, 222 W.Va. 290, 664 S.E.2d 175 (2008). In the case at bar, the allegations against the Oak Hill Police Department appear to be derived entirely from the allegations against its officers. The West Virginia Supreme Court has described vicarious liability as follows:

11

An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable.

Id. at 183. Thus, as Plaintiff and Defendant/Third-Party Plaintiff Dr. Love have merely alleged vicarious liability for the claims against Oak Hill Police Department, given that individual officers are entitled to qualified immunity, then any and all claims against the Oak Hill Police Department fail as a matter of law. Accordingly, the claims against the Oak Hill Police Department must be dismissed.

### iii. Pursuant To The Governmental Tort Reform Act, Political Subdivisions Are Not Liable For The Intentional Acts Of Their Employees

Although the Governmental Tort Reform Act, West Virginia Code §29-12A-1 et. seq., creates political subdivision liability for the negligent acts of its employees, no provision provides liability for the intentional acts of subdivision employees. The Tort Reform Act provides general immunity for political subdivisions. However, West Virginia Code §29-12A-4(c)(2) states:

[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment.

W. Va. Code § 29-12A-4(c)(2) (2003) (emphasis added). In addressing this particular statute, the West Virginia Supreme Court of Appeals in Mallamo v. Town of Rivesville, 197 W.Va. 616, 477 S.E. 2d 525 (1996) found that a "plain reading" of this section did not impose liability on the City of Rivesville for the intentional acts of its employees.

In this instances, a close reading of both the Third-Party Complaint and the Plaintiff's Complaint against Third-Party Defendants reveals that the acts alleged to have been committed by the officers were both "negligent" and "intentional." The claims of excessive force, deliberate indifference, civil battery, and civil conspiracy are all intentional allegedly commit by

the Third-Party Defendants. Being that political subdivisions cannot be liable for any intentional act of its employees, the City of Oak Hill and the Oak Hill Police Department respectfully request this Honorable Court to render judgment that both are immune from any liability resulting from what may be determined to be an intentional act of the individual officers.

### c. Neither the Defendant/Third-Party Plaintiff nor the Plaintiff herself can establish a claim for failure to train and supervise.

West Virginia's jurisprudence with regard to failure to train in violation of the West Virginia Constitution is not well developed. In the absence of its own jurisprudence on an issue, the West Virginia Supreme Court has often borrowed from the approach used by the federal courts in evaluating constitutional rights. *See* Robinson v. Pack, 679 S.E.2d 660, 665 (W.Va. 2009).

Under federal law, a failure to train claim is governed by City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Under Canton, a plaintiff has the burden of proof and "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388. "In resolving the issue ... the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability ... for the officer's shortcomings may have resulted from factors other than a faulty training program." Id. at 390-91. Moreover, for liability to attach, the specifically identified deficiency in training must be closely related to the alleged injury. It must be the actual cause. Id. at 391.

In the case at bar, neither the Third-Party Complaint nor the Plaintiff's Complaint against Third-Party Defendants set forth any factual allegations that support a claim for a failure to train or supervise. The parties merely state that duty to train, what areas the officers are supposed to be trained in, and then conclude that the training they received was somehow inadequate. There is no discussion regarding the training program used by Oak Hill Police Department. Furthermore, there is no specific deficiency in any training program that suggests that the alleged

injury stemmed from it. Rule 8 of the Federal Rules of Civil Procedure and federal case law is sound in its determination that legal conclusions couched as factual allegations are not sufficient, which is clearly the case here. As such, any claim for failure to train or supervise alleged against this Third-Party Defendant should be dismissed as a matter of law.

> **d. State Common Law Claims Against Individual Defendant R. Shannon Prince Should Be Dismissed As Employees Are Immune From Suit Pursuant To W.Va. Code Section 29-12a-5(B)**

In addition to the reasons set forth above, the state law claims against R. Shannon Prince set are barred by West Virginia law. West Virginia Code § 29-12A-5(b) affords immunity to employees of political subdivisions with several exceptions. The statute provides:

> An employee of a political subdivision is immune from liability unless one of the following applies:
>
> (1)      His or her acts or omission were manifestly outside the scope of employment or official responsibilities;
> (2)      His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
> (3)      Liability is expressly imposed upon the employee by a provision of this code.

In essence, a police officer must act beyond the scope of his authority or act in a wanton or reckless manner before he can be subjected to liability on a state law based claim. This conclusion is strengthened by the provision of West Virginia Code § 29-12A-13(b) which states:

> Suits instituted pursuant to the provisions of this article shall name as defendant the political subdivision against which liability is sought to be established. **In no instance may an employee acting within the scope of his employment be named as defendant.**

W.Va. Code § 29-12A-13(b) (Emphasis added).

Although carefully plead to conclude language of "reckless, willful, and wanton," there are no facts set forth in the various Complaint filed against R. Shannon Prince the support such a finding. Defendant Love merely concludes, time and time again, the Officer Prince's actions in using various lawful restraining methods were "reckless, willful, and wanton." As recently explained by the Supreme Court as well as the Southern District of West Virginia,

[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a claim. *Iqbal*, 129 S.Ct. at 1949. And this court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-1950 (internal quotation marks omitted). Put simply, the plaintiffs' allegations "do not permit [this court] to infer more than the mere possibility of misconduct." *Id.* at 1950.

*Bess v. Kanawha County Bd. of Educ.*, 2009 WL 3062974, *7 (S.D.W.Va. 2009).

The civil claim here against R. Shannon Prince is for battery. Under West Virginia law, "An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results." Restatement (Second) of Torts § 18 (1965); *see also* Stanley, 216 W. Va. 40, 602 S.E.2d 483 at Syl. Pt. 8 ("In order to be liable for battery, an actor must act with the intention of causing a harmful or offensive contact with a person."); Funeral Services by Gregory, Inc. v. Bluefield Cmty. Hosp., Syl. Pt. 1, 186 W. Va. 424, 413 S.E.2d 79 (W. Va. 1991), overruled on other grounds by Courtney v. Courtney, 190 W. Va. 126, 437 S.E.2d 436 (1993) (same).

Here, there was no assault and battery because the Officer Prince were lawfully permitted to detain the decedent and use lawful force to protect himself, other officers, and the general public. Indeed, an activity that would otherwise subject a person to liability in tort for assault and battery, however, does not constitute tortious conduct if the actor is privileged to engage in such conduct. *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1231 (5th Cir. 1988) (citing Restatement (Second) of Torts § 10 (1965)). Given the combative nature of the decedent at the time the alleged battery took place, Officer Prince was lawfully permitted to detain the decedent and apply lawful force. Accordingly, the all claims for civil battery must be dismissed.

      **e. Any civil rights claims against Chief Whisman should be dismissed because a supervising law enforcement officer cannot be held liable for the wrongful actions of his or her subordinate.**

Any civil rights claims against Chief Whisman should be dismissed because supervisory liability is not a sufficient basis to impute liability on either officer. "As it stands today, the issue

of supervisory liability in connection with an alleged civil rights violation is clear: there is none." Robinson v. Pack, 679 S.E.2d 660 (W.Va. 2009). In Syllabus Point 5 of Robinson v. Pack, 223 W.Va. 828; 679 S.E.2d 660 (2009), the Supreme Court of Appeals of West Virginia held that "a supervising police officer may not be held liable for the wrongful actions of his or her subordinate officers in connection with an alleged civil rights violation because a supervising police officer is only liable for his or her own conduct and not that of his/her subordinates." Id.

The Robinson decision was based largely upon principles articulated by the United States Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), wherein the court held that government officials may not be held liable for the unconstitutional acts of subordinates under the theory of *respondeat superior*. After commenting that "the term 'supervisory liability' is a misnomer" in a lawsuit brought under 42 U.S.C. § 1983, the Court stated the following:

> Absent vicarious liability, each Governmental official, his or her title notwithstanding, is only liable for his or her own misconduct. In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, purpose rather than knowledge is required to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities.

Id.

Because vicarious liability is inapplicable to lawsuits brought under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. The Third-Party Complaint alleges that other officers, not Chief Whisman, essentially acted under the color of their law enforcement duties as empowered by the Oak Hill Police Department and violated the decedent's rights. Clearly, such allegations do not set forth any basis for alleged civil rights violations by any individual or entity other than those officers.

As established by the language of Robinson and Iqbal, the allegations set forth in the Third-Party Complaint, at least with regard to any alleged civil rights violations, are insufficient

16

to impute liability on Chief Whisman. As noted hereinabove, it has been clearly established that there can be no supervisory liability in connection with any alleged civil rights violation. Thus, any claims against Chief Whisman concerning any alleged civil rights violation should be dismissed as a matter of law.

> **f.   Any claims against Chief Whisman and Officer Randall Shannon Prince, in their official capacities, are redundant and should be dismissed as a matter of law**

The Plaintiff and the Third-Party Plaintiff have both brought the present lawsuit against Chief Whisman and Officer Randall Shannon Prince in their personal capacities as well as their official capacities as employees of the Oak Hill Police Department. The United States Supreme Court has held that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, at 165 (1985), *quoting*, Monell v. Department of Social services, 436 U.S. 658, at 690 n.55 (1978). Thus, where the governmental entity may be held liable for damages resulting from its official policy, a suit naming public officers in their official capacity is redundant. Id; *See also*, Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004);  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999);  Suarez Corp. Indus. v. McGraw, 15 F.3d 222, 229 (4th Cir. 1997). This result is consistent with *W. Va. Code* § 29-12A-13(b) which provides:

> Suits instituted pursuant to the provisions of this article shall name as defendant the political subdivision against which liability is sought to be established.  In no instance may an employee of a political subdivision acting within the scope of his employment be named as a defendant.

Id.

The claims against the individual employees of the Oak Hill Police Department relate to alleged actions and conduct while within their official capacity as officers for a political subdivision. Therefore, even if this Court does not grant these officers personal immunity under

W.Va. Code §29-12A-5, said Third-Party Defendants should, in the alternative, be dismissed, with prejudice, as they are being sued in their official capacities, which are redundant claims.

### g. Plaintiff's direct claims against the Third-Party Defendants are barred by applicable statutes of limitations

The West Virginia wrongful death statute provides for a two year statute of limitations in wrongful death cases. *W. Va. Code* § 55-7-6(d). In a wrongful death action, under the discovery rule, the statute of limitation contained in *W. Va.Code,* 55-7-6(d) begins to run when the decedent's representative knows or by the exercise of reasonable diligence should know (1) that the decedent has died; (2) that the death was the result of a wrongful act, neglect, or default; (3) the identity of the person or entity who owed the decedent a duty to act with due care and who may have engaged in conduct that breached that duty; and (4) that the wrongful act, neglect or default of that person or entity has a causal relation to the decedent's death. Syl. Pt. 8, *Bradshaw v. Soulsby*, 210 W. Va. 682, 558 S.E.2d 681 (2001).

In this matter, the Plaintiff has known, since August 22, 2009, that the decedent died while in the custody of the Oak Hill Police Department. Any alleged wrongful acts or conduct of these now Third-Party Defendants should have been known to the Plaintiff at that time. Assuming arguendo that the alleged wrongful or neglectful acts were not readily apparent to the Plaintiff, the official West Virginia State Police Investigation file was completed on or about March 2010. Any wrongful acts what allegedly occurred would have been known to the Plaintiff at this time. As such, the statute of limitations, pursuant to W. Va. Code § 55-7-6(d), begins to run at that time and would have expired in, at the very latest, March of 2012. The Plaintiff's direct claims were not filed against the Third-Party Defendants until June of 2013, which is over a year past the applicable statute of limitations. As such, Plaintiff's claims against Third-Party Defendants should be dismissed as a matter of law.

18

## IV.    CONCLUSION

WHEREFORE, for all the foregoing reasons, these Third-Party Defendants respectfully request that this Court dismiss all claims against them with prejudice and the costs associated with bringing this Motion and all such other relief the Court deems proper and just.

> CITY OF OAK HILL, OAK HILL POLICE DEPARTMENT, MICHAEL WHISMAN, JR. and RANDALL SHANNON PRINCE
> By Counsel,


> /s/Chip E. Williams
> Chip E. Williams, WV State Bar No. 8116
> Daniel J. Burns, WV State Bar No. 11866

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
600 Neville Street, Suite 201
Beckley, WV 25801
Telephone:    (304) 254-9300
Facsimile:    (304) 255-5519

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

YEVETTE WILSHIRE, individually
and in her capacity as administratrix of
the Estate of JEREMY RINEHART,
Deceased,

        Plaintiff,

v.

                                CIVIL ACTION NO.: 3:13-cv-15201

BRIAN S. LOVE, M.D.; OAK HILL
HOSPITAL CORPORATION d/b/a
PLATEAU MEDICAL CENTER, INC.,
CITY OF OAK HILL; OAK HILL
POLICE DEPARTMENT; MICHAEL
WHISMAN, JR., in his individual and
official capacities as the Chief of the Oak
Hill Police Department; and, RANDALL
SHANNON PRINCE, in his individual
and official capacities as a supervisor in
the Oak Hill Police Department,

        Defendants,

v.

BRIAN S. LOVE, M.D.

        Defendant and
        Third-Party Plaintiff,

v.

CITY OF OAK HILL, the OAK HILL
POLICE DEPARTMENT; MICHAEL
WHISMAN, JR., in his individual and
official capacities as the Chief of the Oak
Hill Police Department; and, RANDALL
SHANNON PRINCE, in his individual
and official capacities as a supervisor in
the Oak Hill Police Department,

        Third-Party Defendants.



## THIRD-PARTY DEFENDANTS' MOTION TO STAY PENDING RULING ON
## THIRD-PARTY DEFENDANTS' MOTION TO DISMISS

**NOW COME** the Third-Party Defendants, the City of Oak Hill, the Oak Hill Police Department, Michael Whisman Jr., in his individual and official capacities as Chief of the Oak Hill Police Department, and Randall Shannon Prince, in his individual and official capacities as a supervisor in the Oak Hill Police Department (hereinafter collectively referred to as "Third-Party Defendants"), by and through their counsel, Chip E. Williams, Daniel J. Burns, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, and hereby move this Honorable Court to stay all proceedings in this matter pending this Honorable Court's ruling on Third-Party Defendants' Motion to Dismiss. In support of its Motion to Stay the proceedings in this matter, the Third-Party Defendants submit the attached memorandum of law.

**WHEREFORE**, in consideration of the reasons set forth hereinabove and further detailed in the Memorandum of Law in Support of the Third-Party Defendants' Motion to Stay, the Third-Party Defendants respectfully request that this Honorable Court grant their Motion to Stay and for any other relief this Court deems just and proper.

<div style="margin-left: 40%;">

CITY OF OAK HILL, OAK HILL POLICE DEPARTMENT, MICHAEL WHISMAN, JR. and RANDALL SHANNON PRINCE
By Counsel,


/s/Chip E. Williams
Chip E. Williams, WVSB No. 8116
Daniel J. Burns, WVSB No. 11866

</div>

*PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC*
600 Neville Street, Suite 201
Beckley, WV 25801
Telephone:    (304) 254-9300
Facsimile:    (304) 255-5519

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

YEVETTE WILSHIRE, individually
and in her capacity as administratrix of
the Estate of JEREMY RINEHART,
Deceased,

        Plaintiff,

v.                                                      CIVIL ACTION NO.: 3:13-cv-15201

BRIAN S. LOVE, M.D.; OAK HILL
HOSPITAL CORPORATION d/b/a
PLATEAU MEDICAL CENTER, INC.,
CITY OF OAK HILL; OAK HILL
POLICE DEPARTMENT; MICHAEL
WHISMAN, JR., in his individual and
official capacities as the Chief of the Oak
Hill Police Department; and, RANDALL
SHANNON PRINCE, in his individual
and official capacities as a supervisor in
the Oak Hill Police Department,

        Defendants,

v.

BRIAN S. LOVE, M.D.

        Defendant and
        Third-Party Plaintiff,

v.

CITY OF OAK HILL, the OAK HILL
POLICE DEPARTMENT; MICHAEL
WHISMAN, JR., in his individual and
official capacities as the Chief of the Oak
Hill Police Department; and, RANDALL
SHANNON PRINCE, in his individual
and official capacities as a supervisor in
the Oak Hill Police Department,

        Third-Party Defendants.

3

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for the Third-Party Defendants, does hereby certify on this 9th

day of August, 2013, that a true copy of the foregoing ***"THIRD-PARTY DEFENDANTS'  MOTION***

***TO STAY PENDING RULING ON THIRD-PARTY DEFENDANTS' MOTION TO DISMISS"*** was

electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following CM/ECF participants:

Allan N. Karlin, Esq.
Sarah W. Montoro, Esq.
174 Chancery Row
Morgantown, WV 26505
*Counsel for Plaintiff*

Sam Fox, II, Esq.
Flaherty, Sensabaugh & Bonasso, PLLC
P.O. Box 3843
Charleston, WV 25338
*Counsel for Defendant Oak Hill Hospital Corporation*
*d/b/a Plateau Medical Center, Inc.*

David L. Shuman, Esq.
Karen Tracy McElhinny, Esq.
Shuman, McCuskey & Slicer, PLLC
1411 Virginia Street, East, Suite 200
Charleston, WV
*Counsel for Defendant Brian S. Love, MD*

/s/Chip E. Williams
Chip E. Williams, WVSB No. 8116
Daniel J. Burns, WVSB No. 11866

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
600 Neville Street, Suite 201
Beckley, WV  25801
Telephone:     (304) 254-9300

4