IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

YEVETTE WILSHIRE, individually and in
Her Capacity as Administratrix of the Estate of
JEREMY RINEHART, Deceased,

           Plaintiff,

v.                                                   CIVIL ACTION NO.  3:14-8374

BRIAN S. LOVE, M.D. and OAK HILL
HOSPITAL CORPORATION, d/b/a PLATEAU
MEDICAL CENTER, INC.,

           Defendants.

BRIAN S. LOVE, M.D.,

           Defendant and Third-Party Plaintiff,

v.

CITY OF OAK HILL, the OAK HILL POLICE
DEPARTMENT; MICHAEL WHISMAN, JR.,
in his individual and official capacities as the Chief of
the Oak Hill Police Department; and
RANDALL SHANNON PRINCE, in his individual and
official capacities as a supervisor in the Oak Hill Department,

           Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff's motion to stay and to consolidate this case with Civil Action No. 2:12-0622 (ECF No. 6). For the reasons explained below, the motion is **GRANTED**. Accordingly, the Court **ORDERS** that this civil action is **CONSOLIDATED** with Civil Action No. 2:12-0622. Civil Action No. 3:14-8374 shall be designated as the lead case, and

1

the matter shall proceed under that styling. The Court also **LIFTS** the stays in these two civil actions.

## I.    Background

Both civil actions stem from the same operative facts. Decedent Jeremy Rinehart was arrested on August 22, 2009, by the Oak Hill Police Department. At the time of arrest or shortly thereafter, Mr. Rinehart informed the police that he had swallowed a plastic bag containing cocaine. Mr. Rinehart was transported to Plateau Medical Center, Inc., where he was evaluated by Dr. Brian S. Love; Dr. Love determined that Mr. Rinehart could be released from medical care. After being released back to police custody that same day, Mr. Rinehart went into cardiac arrest; he died a few days thereafter. Plaintiff Yevette Wilshire, individually and in her capacity as administratrix of the estate of Mr. Rinehart, commenced a civil action against Dr. Love and Oak Hill Hospital Corporation, doing business as Plateau Medical Center, in the Circuit Court of Putnam County, West Virginia. Dr. Love filed a third-party complaint against the City of Oak Hill, the Oak Hill Police Department, Police Chief Michael Whisman, Jr., and police supervisor Randall Shannon Prince ("the Oak Hill Defendants"), and then Plaintiff filed a complaint against those third-party defendants. Upon removal, the case became Civil Action No. 3:14-8374.

Prior to the removal of Civil Action No. 3:14-8374, Plaintiff filed a separate civil action in federal court against the United States, based on the alleged negligence of Dr. Sanjay Mehta. *Wilshire v. United States*, Civil Action No. 2:12-0622 (S.D. W. Va. Mar. 1, 2012) (explaining that the United States was liable for the actions of Dr. Mehta because Dr. Mehta was an employee of a "Federally Qualified Health Center," under the Federal Tort Claims Act ("FTCA")). The complaint in that case alleges that Dr. Love consulted with Dr. Mehta while Mr. Rinehart was at Plateau Medical Center and that Dr. Mehta concurred in Dr. Love's decision to

discharge Mr. Rinehart. That case is stayed; the parties have been directed to notify Judge Johnston of the status of the case by July 10, 2014.

This Court entered an order in Civil Action No. 3:14-8374 which stayed the case pending resolution of the consolidation issue and directed any party opposing consolidation to file a response to the motion to consolidate by March 13, 2014. ECF No. 8.[1] Dr. Love filed a response to the motion to consolidate, ECF No. 9, and Plaintiff filed a reply, ECF No. 10. The motion to consolidate is now ripe for resolution.[2]

## II.     Legal Standard

Consolidation is an issue left to the Court's discretion. *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192-94 (4th Cir. 1982). In making the determination of whether to consolidate, the Court should keep in mind certain factors:

> The critical question for the district court in the final analysis [is] whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

---

[1] Also pending is a motion to dismiss by the Oak Hill Defendants. ECF No. 3. Resolution of that motion is stayed and it may be mooted in part by an impending settlement with Plaintiff. *See* Mem. Supp. Mot. Consol. 3, ECF No. 7.

[2] It should be noted that the United States did not file a response to the motion for consolidation in either civil action. It is not clear whether the United State received notice of the Court's order in Civil Action No. 3:14-8374 requesting responses by March 13, 2014. Although a nearly identical motion to consolidate and memorandum in support were filed in Civil Action No. 2:12-0622—to which the United States theoretically could have responded—, that case was stayed starting just two days after the motion was filed, thus creating a narrow window for the United States to have filed a response. In his response in opposition to consolidation, Dr. Love claims that the United States—at a pre-trial conference on March 6, 2014, in Civil Action No. 2:12-0622—voiced its opposition to consolidation. Resp. 2. However, the United States' opposition cannot be confirmed on the record before the Court. Plaintiff states that she does not object to allowing the United States to file a memorandum on this matter. Although the lack of any response from the United States may be unusual, the Court does not believe that such a response is necessary. The Court is prepared to rule on consolidation at this time.

*Id.*

### III. Analysis

The Court finds that these two civil actions should be consolidated. As Plaintiff points out, the two civil actions involve the same operative events, as well as largely the same legal issues and many of the same witnesses. Therefore, it appears to the Court that consolidation allows for greater efficiency, better use of judicial resources, and lesser burdens on the parties and witnesses. Furthermore, consolidation will not result in prejudice or confusion. The Court believes that the fact-finder at trial will be able to easily sort out the allegations against and the conduct of the parties. Additionally, consolidation will avoid the very real risk of inconsistent adjudications, as both cases will be highly dependent on findings of law and fact regarding the conduct of Dr. Love and Dr. Mehta.

Any trial in Civil Action No. 3:14-8374 would be a jury trial. In contrast, Civil Action No. 2:12-cv-0622 requires a bench trial because the claims in that case are made pursuant to the FTCA. Plaintiff argues that this is not an impediment to consolidation because a combined trial would be "an appropriate case for [use of] an advisory jury" under Federal Rule of Civil Procedure 39(c). Mem. Supp. Mot. Consol. 4 n.3. That Rule provides, in pertinent part, that "[i]n an action not triable of right by a jury, the court, on motion or on its own: . . . may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). Dr. Love argues that the use of advisory juries in FTCA cases is "controversial" and rare. Resp. 2-3. Although the Court recognizes Dr. Love's concern, the Court believes that consolidation should occur at this time. The Court will be in a better position to sort out how to conduct a combined trial after discovery concludes for all matters and dispositive motions have been resolved. As a trial date draws near, the Court will decide whether one combined trial, with separate issues before the judge and the jury, or separate

trials are needed. Regardless, the benefits of consolidation noted above outweigh any issues that may arise later concerning how to conduct the trial.

Dr. Love points to the possibility that Civil Action No. 3:14-8374 might be remanded to state court, based on a pending settlement between Plaintiff and the Oak Hill Police Department. Dr. Love asserts that Civil Action No. 3:14-8374 is only in federal court because of the addition of claims against the Oak Hill Police Department, which created federal question jurisdiction. As Plaintiff points out, however, even if those claims are dismissed, the Court could retain jurisdiction over the remaining portion of Civil Action No. 3:14-8374 pursuant to 28 U.S.C. § 1367(c).[3] Additionally, consolidation now will defeat any attempt at removal should that settlement be approved.

Dr. Love also opposes consolidation because two stipulations have been filed in Civil Action No. 2:12-cv-0622 and it is unlikely that those stipulations would be approved for use in a consolidated trial, as they prejudice Dr. Love. As Plaintiff points out, however, those stipulations can be renegotiated once trial approaches, if the Court decides to try the cases together.

## IV. Conclusion

For the reasons explained above, Plaintiff's motion to consolidate (ECF No. 6) is **GRANTED**. Accordingly, the Court **ORDERS** that this civil action is **CONSOLIDATED** with Civil Action No. 2:12-0622. Civil Action No. 3:14-8374 shall be designated as the lead case, and the matter shall proceed under that styling. The Court also **LIFTS** the stays in these two civil actions.

---

[3] Section 1367(c) states, in pertinent part, "The district courts *may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c) (emphasis added).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 7, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE