IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

YEVETTE WILSHIRE, individually and in
Her Capacity as Administratrix of the Estate of
JEREMY RINEHART, Deceased,

            Plaintiff,

v.                                        CIVIL ACTION NO. 3:14-8374
                                        (Consolidated with 2:12-0622)

BRIAN S. LOVE, M.D. and OAK HILL
HOSPITAL CORPORATION, d/b/a PLATEAU
MEDICAL CENTER, INC.,

            Defendants.

BRIAN S. LOVE, M.D.,

            Defendant and Third-Party Plaintiff,

v.

CITY OF OAK HILL, the OAK HILL POLICE
DEPARTMENT; MICHAEL WHISMAN, JR.,
in his individual and official capacities as the Chief of
the Oak Hill Police Department; and
RANDALL SHANNON PRINCE, in his individual and
official capacities as a supervisor in the Oak Hill Department,

            Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's two motions for approval of the wrongful death settlements and distribution of proceeds for claims against Plateau Medical Center (ECF No. 14) and the Oak Hill Defendants (ECF No. 15). The Court convened a hearing concerning these motions on May 19, 2014. For the reasons explained below and at that hearing, these motions are

**GRANTED**. Defendant Dr. Love's objection to the settlement with the Oak Hill Defendants (ECF No. 18) is **DENIED**. The Court accordingly **DIRECTS** Plaintiff to file a proposed order outlining the details of each settlement within 14 days of the entry of this Memorandum Opinion and Order.

I.      Background

This case stems from the events surrounding the death of Jeremy Rinehart. Mr. Rinehart was arrested on August 22, 2009, by the Oak Hill Police Department. At the time of his arrest, or shortly thereafter, Mr. Rinehart informed the police that he had swallowed a plastic bag containing cocaine. Mr. Rinehart was then transported to Plateau Medical Center, where he was evaluated by Dr. Brian S. Love; Dr. Love determined that Mr. Rinehart could be released from medical care. After being released back to police custody that same day, Mr. Rinehart went into cardiac arrest; he died a few days thereafter.

On October 18, 2011, Plaintiff Yevette Wilshire, individually and in her capacity as administratrix of the estate of Mr. Rinehart, commenced a civil action against Dr. Love and Oak Hill Hospital Corporation, doing business as Plateau Medical Center ("Plateau"), in the Circuit Court of Putnam County, West Virginia. Dr. Love filed a third-party complaint against the City of Oak Hill, the Oak Hill Police Department, Police Chief Michael Whisman, Jr., and police supervisor Randall Shannon Prince ("the Oak Hill Defendants"). Plaintiff thereafter filed a complaint in that same case against the Oak Hill Defendants. Upon removal to this Court, the case became Civil Action No. 3:14-8374. Prior to the removal of Civil Action No. 3:14-8374, Plaintiff filed a separate civil action in federal court against the United States, based on the alleged negligence of Dr. Sanjay Mehta. Compl., *Wilshire v. United States*, Civil Action No. 2:12-0622, ECF No. 1 (S.D. W. Va. Mar. 1, 2012) (alleging that the United States was liable for

the actions of Dr. Mehta because Dr. Mehta was an employee of a "Federally Qualified Health Center," under the Federal Tort Claims Act). Pursuant to the Memorandum Opinion and Order entered by this Court on April 7, 2014, the two civil actions were consolidated under Civil Action No. 3:14-8374. *See* ECF No. 11.

Plaintiff filed a motion for approval of the wrongful death settlement and distribution of proceeds for claims against Defendant Plateau. ECF No. 14. The terms of that settlement are sealed. No objection to Plaintiff's motion was filed. Plaintiff also filed a motion for approval of the wrongful death settlement and distribution of proceeds for claims against the Oak Hill Defendants. ECF No. 15. Dr. Love filed a response objecting to Plaintiff's proposed settlement with the Oak Hill Defendants. ECF No. 18. The Oak Hill Defendants filed a reply in support of the settlement between themselves and Plaintiff, ECF No. 19, and Plaintiff also filed a reply, ECF No. 20.

The Court appointed a guardian ad litem, John A. Proctor, to make recommendations regarding the proposed settlements as they relate to the decedent's infant children. Mr. Proctor filed an answer recommending that the settlements be approved. ECF No. 21. The Court also appointed a guardian ad litem, Connor Robertson, to make recommendations regarding the proposed settlements as they relate to the decedent's incarcerated brother. Mr. Robertson filed answers recommending that the settlements be approved. ECF No. 22 (recommending approval of the settlement with the Oak Hill Defendants); ECF No. 23 (recommending approval of the settlement with Defendant Plateau).

On May 19, 2014, the Court held a hearing regarding Plaintiff's two motions. Both motions are now ripe for resolution.

## II.     Standard

The Supreme Court of Appeals of West Virginia described the standard for assessing whether a proposed settlement was made in good faith as follows:

> Settlements are presumptively made in good faith. A defendant seeking to establish that a settlement made by a plaintiff and a joint tortfeasor lacks good faith has the burden of doing so by *clear and convincing evidence*. Because the primary consideration is whether the settlement arrangement substantially impairs the ability of remaining defendants to receive a fair trial, a settlement lacks good faith *only upon a showing of corrupt intent by the settling plaintiff and joint tortfeasor*, in that the settlement involved collusion, dishonesty, fraud or other tortious conduct.

Syl. pt. 5, *Smith v. Monongahela Power Co.*, 429 S.E.2d 643 (W. Va. 1993) (emphasis added).

Furthermore,

> Some factors that may be relevant to determining whether a settlement lacks good faith are: (1) the amount of the settlement in comparison to the potential liability of the settling tortfeasor *at the time of settlement,* in view of such considerations as (a) a recognition that a tortfeasor should pay less in settlement than after an unfavorable trial verdict, (b) the expense of litigation, (c) the probability that the plaintiff would win at trial, and (d) the insurance limits and solvency of all joint tortfeasors; (2) whether the settlement is supported by consideration; (3) whether the motivation of the settling plaintiff and settling tortfeasor was to single out a non-settling defendant or defendants for wrongful tactical gain; and (4) whether there exists a relationship, such as family ties or an employer-employee relationship, naturally conducive to collusion.

Syl. pt. 6, *id*.

### III.     Discussion

No party has objected to Plaintiff's motion regarding settlement with Defendant Plateau, and the guardian ad litems have recommended that the settlement with Plateau be approved. The Court believes that this settlement is fair and reasonable, and accordingly approves Plaintiff's settlement with Plateau as outlined in the motion for approval of that settlement.

The parties disagree, however, regarding whether the Court should approve Plaintiff's proposed settlement with the Oak Hill Defendants, the terms of which are not under seal. Dr. Love argues that the proposed $25,000 settlement should be rejected by the Court because it was not reached in good faith and because "Plaintiff should not be allowed to foreclose Dr. Love's

valid, and factually supported, cross-claim against the Oak Hill Defendants for the woefully inadequate amount" of $25,000. Love's Resp. 5. Dr. Love points to Plaintiff's deposition testimony, in which she states, "I had spoke with an attorney before [being represented by the current counsel,] who was going to sue Oak Hill Police Department and then decided that it would be better if they were on our side . . . because they would be better witnesses." *Id.* at 3 (citation to deposition not provided). However, that other attorney, Patricia Beavers, never filed any claims on behalf of Plaintiff. Also, Ms. Beavers herself does not recall making that comment or considering filing a claim against the Oak Hill Defendants. Decl. Patricia Beavers ¶¶ 5-6, May 7, 2014, ECF No. 20-7. Additionally, Plaintiff's current counsel acknowledges that "[P]laintiff's case against the Oak Hill Defendants is a difficult one." Pl.'s Reply 9. It appears to the Court that Plaintiff's counsel only filed direct claims against the Oak Hill Defendants—after Dr. Love filed cross-claims against the Oak Hill Defendants—in order to preserve Plaintiff's ability to collect from the Oak Hill Defendants should a verdict be granted in Plaintiff's favor. Therefore, the Court does not believe that "the motivation of the settling plaintiff and settling tortfeasor was to single out a non-settling defendant or defendants for wrongful tactical gain." Syl. pt. 6, *Smith*, 429 S.E.2d 643.

      Dr. Love argues that the settlement deprives him of the opportunity for a fair trial by limiting his ability to present evidence regarding the conduct of the Oak Hill Defendants. However, on the contrary, it appears to the Court that Dr. Love will not be foreclosed at trial from presenting evidence that the conduct of the Oak Hill Defendants was an intervening cause of the decedent's death. *See Sydenstricker v. Mohan*, 618 S.E.2d 561, 568 (W. Va. 2005). Therefore, this settlement does not deprive Dr. Love of a fair trial.

      The Court notes that a mediator guided the settlement discussions and supported the settlement. The evidence further shows that this settlement is supported by adequate

consideration. *See* Pl.'s Mot. Approve Sett. Oak Hill Defs. ¶ 18 ("The Oak Hill Defendants have agreed to pay the total amount of Twenty-Five Thousand ($25,000.00) in return for a complete and full release from any and all liability, including attorney fees, liens, and costs of the aforementioned civil action . . . ."). Additionally, Plaintiff and the Oak Hill Defendants do not have "a relationship, such as family ties or an employer-employee relationship, naturally conducive to collusion." Syl. pt. 6, *Smith*, 429 S.E.2d 643. The Oak Hill Defendants also currently have a motion to dismiss pending before this Court. This motion to dismiss could result in the complete dismissal of the Oak Hill Defendants; however, Plaintiffs represent that regardless of how that motion is resolved, the losing party would seek an appeal, resulting in additional litigation costs and delay. Those costs and delays must be considered in conjunction with Plaintiff's assertion that succeeding against the Oak Hill Defendants at trial would be challenging.

Based on the considerations noted and as explained above, the Court finds that Dr. Love has not shown, by clear and convincing evidence, a corrupt intent on the part of Plaintiff and the Oak Hill Defendants, whether by collusion, dishonesty, fraud, or other tortious conduct, in reaching this settlement. The settlement is fair and reasonable under the circumstances. Rejecting the settlement would only protract this litigation, at greater expense to all. The settlement does not result in undue prejudice against any defendant, especially Dr. Love.

### IV.     Conclusion

Plaintiff's motions for approval of the wrongful death settlements and distribution of proceeds (ECF Nos. 14, 15) are **GRANTED**. Dr. Love's objection to Plaintiff's settlement with the Oak Hill Defendants (ECF No. 18) is **DENIED**. The Court accordingly **DIRECTS** Plaintiff

to file a proposed order outlining the details of each settlement within 14 days of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 21, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE